# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRYAN CHEESEMAN**  )  <br>4 Michigan State Drive  )  <br>Newark, DE  19713  )  <br>  )  <br>Plaintiff,  )  <br>V.  )  <br>**DEPARTMENT OF DEFENSE**  )  <br>1000 Defense Pentagon  )  <br>Washington, District of Columbia  20301  )  <br>  )  <br>And  )  <br>  )  <br>**DEPARTMENT OF THE ARMY**  )  <br>101 Army Pentagon  )  <br>Washington, District of Columbia  20310  )  <br>  )  <br>And  )  <br>  )  <br>**DEFENSE INTELLIGENCE AGENCY**  )  <br>200 MacDill Blvd SE  )  <br>Washington, District of Columbia 20340  )  <br>  )  <br>  )  <br>**As to each Defendant Serve:**  )  <br>Matthew M. Graves  )  <br>United States Attorney for The  )  <br>District of Columbia  )  <br>555 4th Street Nw  )  <br>Washington, DC  20530  )  <br>  )  <br>Attorney General of the  )  <br>The United States  )  <br>U.S. Department of Justice  )  <br>10th & Constitution Avenue, NW  )  <br>Washington, District of Columbia 22314 )  <br>  )  <br>Defendants.  )  | **Civil Action No: 1:22-cv-1743** |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

For its Complaint, Bryan Cheeseman ("Mr. Cheeseman"), by the undersigned counsel, states as follows:

1. The Plaintiff brings this action for injunctive relief and other appropriate relief and seeks the disclosure and release of agency records improperly withheld from the Plaintiff by the Defendant, the Department of Defense, and their subordinate agencies, pursuant to the Privacy Act of 1974, 5 U.S.C. §552a et seq. and the Freedom of Information Act, 5 U.S.C. §552(a) et seq.

## PARTIES

2. Plaintiff, Mr. Cheeseman, is a United States citizen and a Delaware resident.

3. The DOD is a federal government agency within the meaning of 5 U.S.C. §552(f)(1) and 5 U.S.C. §552a(a)(1). The DIA is a component of the DOD, headquartered in Washington, D.C. The DOD and DIA are also considered agencies within the meaning of 5 U.S.C. §552(f)(1). The DOD and DIA are in possession, custody, and control over documents and records about Mr. Cheeseman. Defendant DIA is headquartered at 200 MacDill Blvd SE, Washington, DC 20340.

## JURISDICTION

4. The Court has both subject matter jurisdiction over this action and personal jurisdiction over the Defendant pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §552a(g)(1), and 28 U.S.C. §1331.

5. Venue is proper in this Court pursuant to 5 U.S.C. §552(a)(4)(B), 5 U.S.C. §552a(g)(5), and 28 U.S.C. §1391(e).

## FACTS

6. On or about February 7, 2022, Mr. Cheeseman submitted a FOIA/Privacy Act request to the United States Army Intelligence and Security Command ("INSCOM") asking the command for all records about himself, Mr. Bryan A. Cheeseman. Mr. Cheeseman requested "[a]ll records held by INSCOM and their subordinate units including but not limited to AOG. If it is determined that any of the documents are classified, we are requesting an immediate declassification review." A true and accurate copy of the FOIA submission and INSCOM's acknowledgment letter are enclosed herein as **Exhibit A**.

7. On February 16, 2022, Mr. Heaton, INSCOM's Director, Freedom of Information/Privacy Office Investigative Records Repository, provided INSCOM's initial response to the FOIA request. His February 16, 2022 letter indicated that they had reviewed records and conducted a classification review but that some information contained in the records no longer warranted security classification protection and was partially releasable. Two redacted documents were enclosed with his letter. The letter and the responsive documents are enclosed herein as **Exhibit B**.

8. On February 28, 2022, Mr. Cheeseman provided INSCOM with additional information to assist with the initial FOIA request. More specifically, Mr. Cheeseman asked for:

> 1. All documents acquired from any source that mentions or refers to Mr. Bryan Cheeseman or any operational name or source number assigned to him;
>
> 2. All intelligence reports, contact reports, source documents, operational proposals, Concept of Operations (CONOP), taskers, psychological assessment, or guidance related to Mr. Bryan Cheeseman or any operational name or source number assigned to him;
>
> 3. All monetary expenditures and related reports involving Emergency and Extraordinary Expenses (EEE) pursuant to 10 U.S.C. § 127 and Mr. Bryan Cheeseman;

    4. All emails between Army Intelligence Soldiers and/or employees that mention Mr. Bryan Cheeseman or any operational name or source number assigned to him;

    5. All aforementioned requests refer to any responsive information saved, collected, retained, stored, retired, possessed by but not limited to the Army, G2, and/or INSCOM.

    6. We continue to request that if any of the documents are classified, there is an immediate declassification review.2. All intelligence reports, contact reports, source documents, operational

    A true and accurate copy of the letter is enclosed herein as **Exhibit C**.

  9.  On March 18, 2022, DIA provided a letter acknowledging receipt of the FOIA request from March 4, 2022, wherein they cited the records requested in the February 28, 2022 submission. They stated that they did not receive the records until March 17, 2022, and assigned it case number FOIA - 00108 - 2022.

  10.  Furthermore, DIA stated, '[w]e have reviewed your submitted reasons for expediting, and, based on this review, we have determined that <u>your request for expedited processing and must be denied</u> since you have not demonstrated a "compelling need" for this information pursuant to 32 Code of Federal Regulations (CFR) §286.8 and DoD determination decision therein.' This decision was made despite Mr. Cheeseman's requests explaining that his security clearance was being denied based upon incomplete records in possession of INSCOM and DIA. A true and correct copy of the letter is enclosed herein as **Exhibit D**.

  11. In their March 18, 2022 letter, DIA acknowledged that expedited processing would be granted upon showing the "loss of substantial due process rights." On March 18, 2022, Mr. Cheeseman responded to the DIA's March 18, 2022 letter, reiterating the urgency of his request for expedited processing, citing the loss of his client's substantial due process rights related to his client's security clearance matter deadline of April 11, 2022, and that Mr. Cheeseman would be

"unable to view the material which was utilized in the determination to seek to deny his security clearance." A true and correct copy of the letter is enclosed herein as **Exhibit E**. Under 5 U.S.C. §552(a)(6)(E)(i)(II), whenever the requester establishes that the request involves a "loss of substantial due process rights," it is considered an exception to allow for expedited processing. Mr. Cheeseman's March 18, 2022 letter satisfies this requirement.

12. On March 31, 2022, Ms. Yolande Liddy, the paralegal for Mr. Cheeseman's attorney, received a phone call from Ms. Robin Hill from the DIA. In that phone call, Ms. Hill informed Ms. Liddy that the March 18, 2022, letter from DIA was sent to Mr. Cheeseman by mistake and that it was intended to go to INSCOM in response to their agency referring Mr. Cheeseman's FOIA request to them for intelligence specific information despite assigning the request a FOIA processing number. Ms. Hill advised that Mr. Cheeseman submit a separate FOIA to DIA but indicated that she doubted DIA had any responsive information. On April 5, 2022, Mr. Cheeseman's counsel wrote a letter to the DIA summarizing Ms. Liddy's conversation with Ms. Hill and emphasizing that the DIA had a valid FOIA when INSCOM referred and/or requested a consultation regarding Mr. Cheeseman's FOIA request and; accordingly DIA was required to respond. A true and correct copy of the letter and an affidavit from Ms. Liddy attesting to the details of the March 31, 2022 phone call is enclosed herein as **Exhibit F**.

13. On May 3, 2022, Ms. Cheryl Cross-Davison, Chief, Records and Open Government at the DIA, provided a letter to Mr. Cheeseman stating that the initial FOIA request was improperly submitted to the DIA and improperly referring him to a website to move forward with another request. A true and correct copy of the letter is enclosed herein as **Exhibit G**. In DIA's Mary 3rd letter; they specifically stated that "[b]ased on a careful review of the communications in questions,

5

I affirm the original decision to close the subject FOIA case." DIA asserted an authority they did not possess by unilaterally closing the case.

14. DIA continued to explain their flawed reasoning by stating, "This request was improperly submitted to DIA by another government agency which resulted in DIA improperly opening a FOIA case." In essence, DIA continues to deny INSCOM's referral and/or request for a consultation because DIA contends that INSCOM should never have referred and/or requested a consultation for portions of Mr. Cheeseman's FOIA / PA request to DIA. This position incorrectly asserts that referrals and/or consultations either do not exist or that DIA should never receive a referral and/or requests for consultation. Both positions are wrong under the federal statute. The Department of Justice outlines federal agency responsibilities upon a referral from another government agency as follows:

> When an agency receives a referral of documents from another agency or another component, the following steps should be taken to ensure efficiency and accountability:
>
> ● Assign your own agency's tracking number to the referral so that you can readily track it.
>
> ● Send the FOIA requester an acknowledgment of receipt of the referral and identify the agency that made the referral, subject to the exceptions described below, for coordinating a response.
>
> ● Include in the acknowledgment both your agency's tracking and the original FOIA request tracking number assigned by the agency making the referral so that the requester can readily link the referred records to his or her original request.
>
> ● Provide the FOIA requester with a telephone line or internet service that can be used to obtain information about the status of the referred records.
>
> ● Track the referral just as you would an incoming request and include it in your Annual FOIA Report.

6

> ● Place the documents that make up the referral in the appropriate processing track at your agency according to the date the FOIA request was first received by the agency making the referral and not according to the date the referral was received by your agency. In that way, the FOIA requester does not incur any timing disadvantage by virtue of the fact that a referral was made.
>
> ● Always include the original request number from the referring agency as well as your own referral number in any correspondence with the requester regarding the referred documents.
>
> If your agency can provide a final response to the requester on the referred documents in ten days or less, a separate acknowledgment letter is not necessary. In that case, you should provide the required information about the agency that made the referral, as well as the original FOIA request number, in the final response itself.

A true and accurate copy of the Department of Justice's listing of standard procedures following a referral is enclosed herein as **Exhibit H**.

15. On May 5, 2022, Mr. Heaton provided a partial response to the FOIA request. Those records included several redacted Intelligence Information Reports (IIRs). The existence of these IIRs is proof that DIA possesses records that are responsive to Mr. Cheeseman's FOIA / PA requests but are in direct violation of the agency requirements found in 5 U.S.C. §552. Furthermore, the IIRs prove that Mr. Cheeseman was working with the intelligence community and a foreign national. In short, these records show a lengthy history between Mr. Cheeseman, the intelligence community, and a foreign national. This relationship helps explain Mr. Cheeseman's actions that gave rise to the security clearance concern. DIA's refusal to comply with the federal statutory requirements resulted in the "loss of substantial due process rights." **Exhibit I.**

16. Pursuant to 5 U.S.C. §552, the DIA owed Mr. Cheeseman a response to his FOIA request within 20 business days of receiving the forwarded FOIA/PA request from INSCOM, which seen in the light most favorably to the Defendant would be March 4, 2022.

17. The DIA's failure to respond within the statutorily prescribed time limits and then to unilaterally close the request under false pretenses is egregious and starkly contradicts the purpose for the FOIA and Privacy Act statutes. Pursuant to 5 U.S.C. §552(a)(6)(C)(i), Mr. Cheeseman has exhausted his administrative remedies.

18. On June 14, 2022 INSCOM formally acknowledged referring Mr. Cheeseman's request to DIA. A true and accurate copy of that letter is attached as **Exhibit J.**

19. Mr. Cheeseman respectfully requests that the Court order the DIA to immediately disclose and release all records responsive to the Request, and enjoin the DOD and the DIA from withholding from disclosure certain records within their possession and control.

## COUNT 1
### (Violation of the Privacy Act, 5 U.S.C. §552a )

20. Plaintiff realleges paragraphs 1 through 19 as if fully stated herein.

21. Plaintiff is an individual seeking access to information about himself.

22. Any documentation in the possession, custody, and control of Defendant is a record maintained in a system of records, as described 5 U.S.C. §552a(a)(4)- (5).

23. Upon information and belief, there are records responsive to Plaintiff's request that are being withheld in full and the Defendant violated 5 U.S.C. §552a when the agency closed the Plaintiff's properly referred FOIA/PA request. The Defendant is wrongfully withholding records and information requested.

24. Plaintiff has exhausted all required and available administrative remedies.

25. Plaintiff has a legal right under the Privacy Act to obtain the information he seeks, and there is no legal basis for Defendant's denial of said right. Defendant's refusal to provide Plaintiff with the requested records amounts to a deprivation of Plaintiff's federal rights. The DOD and DIA's failure to respond to Cheeseman's FOIA request violated the statutory deadline imposed by the FOIA in 5 U.S.C. §552(a)(6)(A)(i).

WHEREFORE, the Plaintiff requests that this Court award him the following relief: (1) declare the Defendant violated the Privacy Act; (2) order Defendant to immediately disclose the requested records; (3) award Plaintiff reasonable cost and attorney's fees as provided in 5 U.S.C. §552a(g)(3)(B); and (4) grant such other relief as the Court may deem just and proper.

## COUNT II
**(Violation of the Freedom of Information Act-5 U.S.C. §552a)**

26. Plaintiff realleges paragraphs 1 through 19 as if fully stated herein.

27. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. §552.

28. Plaintiff has exhausted applicable administrative remedies.

29. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records. Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare that Defendant violated the Freedom of Information Act; (2) order Defendant to immediately disclose the requested records; (3) award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §552(a)(4)(E); and (4) grant such other relief as the Court deems just and proper.

**PRAYER FOR RELIEF**

Cheeseman respectfully requests that the Court:

1. Declare the DOD's and the DIA's failure to comply with FOIA to be unlawful;

2. Order the DOD and the DIA to conduct an independent and comprehensive search of its documents and records in response to Cheeseman's FOIA Request, control number 0126P-22.;

3. Order the DOD and the DIA to produce all responsive records without further delay or charge;

4. Enjoin the DOD and the DIA from continuing to withhold records responsive to Cheeseman's FOIA Request;

5. Award Mr. Cheeseman attorneys fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. 5§52(a)(4)(E); and

6. Grant such other relief as the Court, deems just and proper.

Respectfully submitted,

Dated:  June 17, 2022  By:_____/s_____
L. BARRETT BOSS
Cozen O'Connor
DC Bar License #398100
1200 19th St NW, Suite 300
Washington, DC  20036
Phone: (202) 912-4818
Fax: 866-413-0172

Dated: June 17, 202  By:_____/s_____
BRETT O'BRIEN
Pro Hac Vice Motion Pending
DC Bar License #: 1753983
NATIONAL SECURITY LAW FIRM, LLC
1250 Connecticut Avenue NW
Washington, DC 20036
Phone:  (202) 600-4996
Fax:     (202) 545-6318